IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MATTHEW M.,[1] | Case No. 6:20-cv-001674-JR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

**RUSSO, Magistrate Judge.**

Matthew M. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

§ 405(g). For the reasons explained below, the Commissioner's decision is reversed and remanded for additional proceedings.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. Id. Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.     PLAINTIFF'S APPLICATION

Born in 1967, Plaintiff was fifty years old when he applied for disability benefits. (Tr. 120.) Plaintiff has a high school education, completed two years of vocational training, and is certified as an auto mechanic. (Tr. 34, 210.) Plaintiff applied for benefits in February 2018, alleging

PAGE 2 – OPINION AND ORDER

disability as of March 31, 2017, due to back pain, numbness, diabetes, obesity, hypertension, seizure disorder, and aftereffects of a prostatectomy. (Tr. 14, 398-443, 581.)

The Commissioner denied Plaintiff's application for DIB initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). (Tr. 50-85.) After an administrative hearing, the ALJ issued a written decision dated November 18, 2019, denying Plaintiff's application. (Tr. 9-29, 30-49.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-6.) Plaintiff now seeks judicial review of that decision.

## II.    THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011).  Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. Id. at 724-25. The claimant bears the burden of proof for the first four steps.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001).  If the claimant fails to meet the burden at any of those steps, the claimant is not disabled.  Id.; Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant

PAGE 3 – OPINION AND ORDER

numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. Bustamante, 262 F.3d at 954 (citations omitted).

### III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 14-33.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 31, 2017. (Tr. 17.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of obesity, lumbar degenerative disc disease, diabetes mellitus type 2, and insomnia. (Tr. 14.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 16.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations:

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently and can stand and/or walk for approximately 4 hours and sit for approximately 4 hours, in an 8-hour workday, with normal breaks. [Plaintiff] should be permitted to perform the work either sitting or standing, as needed, while remaining on task. [Plaintiff] cannot climb ladders, ropes and scaffold[s] and can occasionally climb stairs and ramps. [Plaintiff] can occasionally balance, stoop, kneel, crouch and craw. [Plaintiff] cannot ambulate over uneven surfaces and can only occasionally rotate the torso from side to side. [Plaintiff] can understand, remember and carry out simple and routine instructions that can be learned in 30 days or less.

(Tr. 16.)

At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work as an auto mechanic and maintenance scheduler. (Tr. 21.) At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including inspector and hand packager; routing clerk; and gate guard. (Tr. 21-22.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 22-23.)

PAGE 4 – OPINION AND ORDER

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; (3) rejecting the lay witness testimony; and (4) failing to include all of Plaintiff's obesity-related limitations in the RFC.

## DISCUSSION

### I.  MEDICAL OPINION EVIDENCE

Plaintiff argues the ALJ improperly rejected the opinion of treating physician David Knowlton, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate

language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Dr. Knowlton completed a questionnaire about Plaintiff's functional limitations in 2018 and opined that Plaintiff could sit and stand/walk for only 1 hour each during an 8-hour workday, and that he could never lift 20 pounds. (Tr. 446.) He also noted that Plaintiff's pain affected his ability to concentrate and to perform simple tasks. (Tr. 446.) Finally, Dr. Knowlton opined that Plaintiff would need to take unscheduled breaks and miss four or more days of work per month. (Tr. 446-47, 449.) In 2019, Dr. Knowlton completed a second questionnaire resulting in similar opinions as to the extent and severity of Plaintiff's symptoms and limitations. (Tr. 1232-27.)

The ALJ rejected Dr. Knowlton's opinion. (Tr. 20.) The ALJ first found that Dr. Knowlton's opinion was inconsistent with the longitudinal medical record. The ALJ may discount a medical opinion when it is inconsistent with the medical record. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, despite Dr. Knowlton's findings of extreme limitations on concentration, Plaintiff did not report substantial treatment for any concentration problems and reported to the Commissioner that he had no problems paying attention or completing what he started. (Tr. 239.) The ALJ reasonably interpreted this apparent disconnect between Plaintiff's records and Dr. Knowlton's opinion as a conflict, and this finding supports the ALJ's rejection of Dr. Knowlton's opinion.

The ALJ also found that Dr. Knowlton's opinion was not supported by objective evidence. (Tr. 20.) The ALJ need not accept a physician's opinion that is inadequately supported by clinical findings. Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012). Here, Dr. Knowlton did not cite any clinical findings that substantiated his findings of extreme limitations. While Dr. Knowlton's records contain evidence of reduced range of motion due to pain and reduced leg strength, Dr.

Knowlton's records from August 2017 found Plaintiff was "doing well and [was] very happy," without any specific complaints aside from mild foot pain. (Tr. 450, 527, 557.) Dr. Knowlton observed that Plaintiff's medical conditions were "all well," "in check," and "stable." (Tr. 527.) In 2019, Plaintiff reported to Dr. Knowlton that, despite his issues, he was "feeling fairly well." (Tr. 520.) On this record, the ALJ reasonably rejected the extreme limitations assessed by Dr. Knowlton because they were not substantiated by Dr. Knowlton's own clinical findings. The ALJ's rejection of Dr. Knowlton's opinion was supported by legally sufficient reasons. Chaudhury, 688 F.3d at 671.

Plaintiff also argues that the ALJ erred in evaluating the medical evidence because she accepted the medical opinions of S. Calkins, M.D., and Neal Berner, M.D. These Agency medical consultants reviewed Plaintiff's medical records in 2018 and concluded that Plaintiff could perform a range of light exertional work. (Tr. 58-60, 73-75.) Plaintiff challenges the ALJ's evaluation of these opinions because (1) she did not consider their consistency with the record; (2) she did not consider whether new evidence made these opinions more or less persuasive; and (3) because they were inconsistent with Dr. Knowlton's opinion.

The Court rejects Plaintiff's arguments. First, the ALJ compared Dr. Berner and Dr. Calkins's findings to hearing evidence, demonstrating a consideration of consistency with the record and with new evidence rendered after 2018. Further, as explained above, the ALJ provided legally sufficient reasons for rejecting Dr. Knowlton's opinion. On this record, Plaintiff's argument that the ALJ erred in accepting the opinions of Dr. Calkins and Dr. Berner is without merit.

## II.  SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff next argues that the ALJ improperly rejected his subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's

testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014). At the administrative hearing, Plaintiff testified that he was unable to work primarily due to back pain.

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. (Tr. 17-18.) The ALJ first noted that Plaintiff's statements were contradicted by the medical opinion evidence of record. The ALJ may consider objective medical evidence when assessing a claimant's testimony and may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. 20 C.F.R. 404.1529(c)(2); Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, while Plaintiff testified to debilitating back pain, he also reported "doing well and [feeling] very happy" and driving a school bus during the relevant period. (Tr. 527.) Further, in August 2017, Plaintiff reported no specific complaints to treatment providers aside from some mild foot pain. (Tr. 527.) A 2016 MRI of Plaintiff's low back showed some abnormalities with no significant worsening since 2009, well before the relevant period. (Tr. 460.) On this record, the ALJ reasonably concluded that Plaintiff's limitations were not as severe as alleged in his testimony, because they conflicted with medical evidence in the record.

The ALJ next found that Plaintiff's testimony regarding his disabling pain and limitations was contradicted by his activities during the relevant period. (Tr. 18-19.) An ALJ may discount a claimant's testimony when his activities "are incompatible with the severity of the symptoms alleged." Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014). Here, while Plaintiff alleged that he could not eat dinner without getting up because of pain and had problems lifting items, the record reveals that he was able to mow his lawn, perform household chores, care for his pet, drive, run errands, and shop. (Tr. 18-19, 40, 267.) The ALJ reasonably determined that these activities contradicted Plaintiff's subjective symptom testimony. In sum, the ALJ's determination that Plaintiff was not as limited as alleged in his testimony was supported by substantial evidence in

the record. While Plaintiff presents an alternative interpretation of the evidence, the Court defers to the ALJ's reasonable reading of the record. Bray, 554 F.3d at 1222. The ALJ's evaluation of Plaintiff's testimony was free of harmful error.

### III. LAY WITNESS TESTIMONY

Plaintiff next argues that the ALJ erred because she rejected the lay witness testimony without comment or explanation. An ALJ may reject lay witness testimony if she provides germane reasons for doing so. Molina v. Astrue, 673 F.3d 1104, 1114-15 (9th Cir. 2012). Even if the ALJ fails to state specific reasons for not crediting lay witness testimony, rejection of such testimony is harmless if the lay witness testimony is substantially similar to a claimant's testimony that was properly rejected by the ALJ. Id., at 1114-15.

Here, Plaintiff's colleague described back problems similar to those described in Plaintiff's testimony. (Tr. 34-35, 309.) Plaintiff's wife testified that Plaintiff had problems sitting, standing, and walking, and that pain interfered with Plaintiff's sleep and activity level. (Tr. 265-72.) This testimony largely mirrors Plaintiff's subjective symptom testimony. (Tr. 38, 234-41.) On this record, because the ALJ provided legally sufficient reasons for rejecting Plaintiff's testimony and the lay testimony largely reiterated Plaintiff's complaints, the ALJ's rejection of the lay testimony was not harmful error. Molina, 673 F.3d at 1114-15. While Plaintiff offers an alternative interpretation of the record, the Court must affirm the ALJ's reasonable findings when based upon substantial evidence. Bray, 554 F.3d at 1222. On this record, the ALJ's evaluation of the lay testimony was free of harmful error.

### IV. OBESITY

Finally, Plaintiff argues the ALJ failed to consider Plaintiff's obesity and to include obesity-related limitations in Plaintiff's RFC. Both Dr. Calkins and Dr. Berner opined that

Plaintiff's obesity and seizure disorder require a limitation to "avoid machinery with moving parts." (Tr. 60, 75.) Although the ALJ credited the opinions of Drs. Calkins and Berner and found Plaintiff's obesity to be a severe impairment at step two of the sequential evaluation, the ALJ failed to include this limitation in Plaintiff's RFC. (Tr. 14, 16.) Instead, the ALJ explained that she was adding only walking restrictions to Plaintiff's RFC to account for his obesity. On this record, the ALJ erred by failing to include all of Plaintiff's credible limitations into the RFC.

Because the ALJ erred in her RFC formulation, which she relied upon in making her ultimate non-disability determination, the Commissioner's final decision is reversed. On remand, the ALJ should be afforded the opportunity to formulate an accurate RFC and to take new testimony from a vocational expert to determine whether there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **REVERSED and REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this 17th day of September, 2021.

       /s/ Jolie A. Russo
      JOLIE A. RUSSO
      United States Magistrate Judge